IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD ROBERT GILBERT | CR. NO.: 8:20CR704<br><br>18 U.S.C. § 1513<br>18 U.S.C. § 1956<br>18 U.S.C. § 1958<br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(1)<br>28 U.S.C. § 2461(c)<br><br>INDICTMENT |

THE GRAND JURY CHARGES:

1. The Defendant, RICHARD ROBERT GILBERT, plotted a murder for hire and retaliation against an informant and a federal prosecutor after being convicted of distribution of methamphetamine.

**BACKGROUND**

2. The Defendant, RICHARD ROBERT GILBERT, is incarcerated within the Federal Bureau of Prisons and at the time of this investigation was housed at Federal Correctional Institution Edgefield in Edgefield, South Carolina.

3. The Defendant, RICHARD ROBERT GILBERT, was investigated, prosecuted, and convicted by the United States Attorney's Office for the Western District of Kentucky. The case originated when law enforcement received information that the Defendant, RICHARD ROBERT GILBERT, was trafficking large amounts of methamphetamine, a Schedule II controlled substance, in Bowling Green, Kentucky.

4.     A person known to the Grand Jury, hereinafter Informant, introduced two undercover Kentucky State Police detectives to the Defendant, RICHARD ROBERT GILBERT, at a restaurant in Bowling Green, Kentucky. During this meeting, the undercover detectives discussed purchasing four ounces of methamphetamine from the Defendant, RICHARD ROBERT GILBERT. The Defendant, RICHARD ROBERT GILBERT, then placed a phone call to his methamphetamine source of supply.

5.     After the phone call ended, the Defendant, RICHARD ROBERT GILBERT, agreed to sell the undercover detectives four ounces of methamphetamine for $1,200.00 per ounce.

6.     The Defendant, RICHARD ROBERT GILBERT, contacted the undercover detectives and arranged to meet them at a hotel in Bowling Green, Kentucky. The Defendant, RICHARD ROBERT GILBERT, advised the price would be $1,250.00 per ounce instead of $1,200.00 per ounce. The undercover detectives agreed on the price and later met the Defendant, RICHARD ROBERT GILBERT, and purchased approximately four ounces of methamphetamine for $5,000.00. The undercover detectives observed the Defendant, RICHARD ROBERT GILBERT, retrieve the methamphetamine from a magnetized pelican case from underneath the hood of his vehicle.

7.     The Chemical Analysis Report from the Drug Enforcement Administration (DEA) North Central Laboratory on the submitted methamphetamine purchased from the Defendant, RICHARD ROBERT GILBERT, indicated the submitted substance was d-Methamphetamine Hydrochloride with an amount of pure substance over 100 grams.

8.     On March 21, 2019, in case number 1:18-CR-22-1-GNS in the Western District of Kentucky, the Defendant, RICHARD ROBERT GILBERT, pled guilty to one count of

Distribution of 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) pursuant to a written plea agreement.

9. On June 19, 2019, the Defendant, RICHARD ROBERT GILBERT, was sentenced to a prison term of 130 months.

## PLOT

10. The Defendant, RICHARD ROBERT GILBERT, sought to hire a hitman to kill the Informant. Once the hitman had killed the Informant, the Defendant, RICHARD ROBERT GILBERT, intended to hire the hitman to kill the Assistant United States Attorney who had prosecuted him.

11. The Defendant, RICHARD ROBERT GILBERT, drew maps for the hitman of where he believed the Informant lived.

12. The Defendant, RICHARD ROBERT GILBERT, used contraband cell phones within the Federal Bureau of Prisons to communicate with a person whom the Defendant, RICHARD ROBERT GILBERT, believed to be a hitman. However, the individual the Defendant, RICHARD ROBERT GILBERT, believed to be a hitman was actually an undercover Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI). The Defendant, RICHARD ROBERT GILBERT, discussed with the undercover FBI TFO that he wanted to have the Informant killed and agreed to pay for the killing of the Informant. The Defendant, RICHARD ROBERT GILBERT, explained the maps that the Defendant, RICHARD ROBERT GILBERT, had drawn and provided directions to the undercover FBI TFO on how to avoid detection by cameras.

13. The Defendant, RICHARD ROBERT GILBERT, sent a prison check for $2,000.00 as a down payment for the murder of the Informant. In the stated purpose of the prison check, the

Defendant, RICHARD ROBERT GILBERT, provided "investment firm." The prison check was sent from Edgefield, South Carolina, to a Post Office Box in Charlotte, North Carolina.

14.  After the hitman killed the Informant, the Defendant, RICHARD ROBERT GILBERT, intended to have the hitman kill the Assistant United States Attorney that prosecuted him.

## COUNT 1
### Murder for Hire

THE GRAND JURY FURTHER CHARGES:

15.     That in October 2020, in the District of South Carolina, the Defendant, RICHARD ROBERT GILBERT, did knowingly and intentionally use and cause to be used a facility of interstate commerce, to wit, a cellular telephone and the United States Mail, with the intent that the murder of the Informant be committed, in violation of the laws of South Carolina and Kentucky. As consideration for the murder, the Defendant, RICHARD ROBERT GILBERT, sent a prison check in the amount of $2,000.00 as a down payment for the murder;

All in violation of Title 18, United States Code, Section 1958.

## COUNT 2
### Retaliation Against an Informant

THE GRAND JURY FURTHER CHARGES:

16.     That in October 2020, in the District of South Carolina and elsewhere, the Defendant, RICHARD ROBERT GILBERT, did attempt to kill another person, to wit, the Informant, with the intent to retaliate against the Informant for providing information to a law enforcement officer relating to the commission and possible commission of a Federal offense, to wit, methamphetamine trafficking in violation of Title 21 of the United States Code;

In violation of Title 18, United States Code, Sections 1513(a)(1)(B) and 1513(a)(2)(B).

## COUNT 3
### Money Laundering

THE GRAND JURY FURTHER CHARGES:

17. The Defendant, RICHARD ROBERT GILBERT, owns and co-owns several pieces of real property, to include two rental properties. The Defendant, RICHARD ROBERT GILBERT, receives a monthly income from his rental properties. Income from the rental properties facilitated the attempted murder for hire and retaliation plot, as well as the money laundering. The Defendant, RICHARD ROBERT GILBERT, further intended to use the value of his ownership stake in real property to facilitate the murder of the Assistant United States Attorney.

18. On or about October 19, 2020, in the District of South Carolina, the Defendant, RICHARD ROBERT GILBERT, with the intent to promote the carrying on of specified unlawful activity, to wit, murder for hire, in violation of Title 18, United States Code, Section 1958, did knowingly conduct a financial transaction affecting interstate commerce involving property represented by a law enforcement officer to be property used to conduct and facilitate the murder for hire of the Informant; and

19. The Defendant, RICHARD ROBERT GILBERT, with the intent to conceal and disguise the nature of the property believed to be the proceeds of a specified unlawful activity, to wit, murder for hire, did knowingly conduct a financial transaction affecting interstate commerce involving property used to conduct or facilitate the specified unlawful activity, to wit, murder for hire, in violation of Title 18, United States Code, Section 1958. Specifically, the Defendant, RICHARD ROBERT GILBERT, sent a prison check in interstate commerce in the amount of $2,000.00 to a person who he believed was a hitman and the designated purpose of the check was "investment firm," when in truth and in fact the Defendant intended to hire a hitman to kill the Informant.

20.    The person the Defendant, RICHARD ROBERT GILBERT, believed to be a hitman was in fact an undercover FBI TFO, who is a federal official authorized to investigate violations of federal law, to include money laundering.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 1956(a)(3)(B).

## FORFEITURE

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956, as charged in this Indictment, the Defendant, RICHARD ROBERT GILBERT, shall forfeit to the United States any property, real or personal, traceable, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment.

WITNESS TAMPERING/MURDER FOR HIRE:

Upon conviction for violation of Title 18, United States Code, Sections 1513 and 1958, as charged in this Indictment, the Defendant, RICHARD ROBERT GILBERT, shall forfeit to the United States, any property, real or personal, which constitutes, is traceable, or is derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such offenses, and any firearms used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to the following:

    A.    Money Laundering Proceeds/Forfeiture Judgment:

        A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of his violation of 18 U.S.C. § 1956.

B.  Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, in that such sum equals property, that the Defendant obtained as the result of his violation of 18 U.S.C. §§ 1513 and 1958.

C.  Real Property:

Leayou Road (14 Acres)
Alvaton, KY 42122
Parcel ID: 068A-38

Being **Lot 1** (consisting of 1.22 acres), **Lot 2** (consisting of 1.17 acres), **Lot 3** (consisting of 1.13 acres), **Lot 4** (consisting of 1.11 acres), and **Lot 5** (consisting of 1.10 acres) of Harmony Hills Subdivision fronting on Leaton Road as set forth on plat of record in Plat Book 40, Page 181, in the office of the Clerk of the Warren County Court, and **Lot 1** (consisting of 1.03 acres) and **Lot 7** (consisting of 14.36 acres) of the Jackson Property Subdivision fronting on Leayou Road as set forth on plat of record in Plat Book 40, Page 181, in the office of the Clerk of the Warren County Court.

This is a portion of the same property conveyed to Evelyn S. Motley (being one and the same person as Evelyn Dawn Jackson) by Jouett Smith, unmarried, by deed dated September 1, 1966, of record in Deed Book 367, Page 1, in the office of the Clerk of the Warren County Court.

Upon the death of Evelyn Dawn Jackson, her interest passed pursuant to an Agreed Judgment Setting Aside Last Will and Testament of Evelyn Dawn Jackson. See Notice of Filing of Agreed Judgment Setting Aside Last Will and Testament of Evelyn Dawn Jackson of record in Will Book 77, Page 464, in the office of the Clerk of the Warren County Court.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

A _TRUE_ Bill

███████████████

FOREPERSON

_____
PETER M. MCCOY, JR.  (jhm, jwh, whj)
UNITED STATES ATTORNEY